| | |
|---|---|
| **NESLIE I. BERNARDI-ORTIZ, <u>et al.</u>,** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL NO. 15-2989 (PAD)** |
| **CYBEX INTERNATIONAL, INC., <u>et al.</u>,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Plaintiff Neslie I. Bernardi-Ortiz suffered severe injuries while working out at a gym. Together with her parents and siblings, she initiated this action against Cybex International, Inc., the manufacturer of the allegedly defective exercise machine that broke on Bernardi, causing the damages that plaintiffs seek to be compensated for (Docket Nos. 1 and 28). In turn, Cybex International filed a third-party complaint against various entities, including the gym's owner and/or operator, HCOA PR Management Services LLC ("HCOA PR Management") (Docket No. 14). Before the court is HCOA PR Management's "Motion for Judgment on the Pleadings" under Rule 12(c) of the Federal Rules of Civil Procedure (Docket No. 67), which plaintiffs and Cybex International opposed (Docket Nos. 82 and 84). HCOA PR Management replied (Docket No. 101), and plaintiffs and Cybex International sur-replied (Docket Nos. 126 and 128). For the reasons explained below, the motion is DENIED.

## I. THE MOTIONS

In its motion for judgment on the pleadings, HCOA PR Management argues the case should be dismissed as to it because the Corporation of the State Insurance Fund of Puerto Rico ("SIF") concluded that Bernardi suffered a work accident covered by the Workers Accident Compensation

Act of Puerto Rico, Law No. 45 of April 18, 1935, as amended, Laws of P.R. Ann. tit. 11 §§ 1, et

seq. ("Law 45"), and as such, HCOA PR Management is immune from liability for the accident

(Docket No. 67 at p. 2). As support, it attached to the motion a copy of a Decision on Total

Permanent Disability issued by the SIF's Administrator (Docket No. 67-1).[1]

Plaintiffs and Cybex International opposed the motion on various grounds, including that

(i) Bernardi was not HCOA PR Management's employee but an independent contractor; (ii)

Bernardi was not working when the accident occurred; (iii) it is unclear what relationship HCOA

PR Management has with an entity called "Total Body Fitness" and other "HCOA" entities; and

(iv) HCOA PR Management committed fraud in providing false information to the SIF (Docket

No. 82 at pp. 6-12, 17-18; Docket No. 84 at pp. 5-14, 16). Like HCOA PR Management, they

attached to their oppositions extrinsic material, namely: pictures (Docket No. 84-13), and

documents like deposition transcript excerpts (Docket Nos. 83-2, 83-5, 83-6, 83-7; 83-8, 84-4, 84-

7, 84-8, 84-9, 84-10, 84-11, 84-12); an independent contractor agreement between Bernardi and

"Total Body Fitness PR, LLC" (Docket Nos. 83-3, 84-6); and unintelligibly redacted SIF decision

notice forms or reports (Docket Nos. 84-2, 84-3).

HCOA PR Management replied, submitting another document: an SIF Certification that as

of the date of Bernardi's alleged accident, HCOA PR Management was insured with the SIF

(Docket No. 101-1). Plaintiffs and Cyber International sur-replied, basically repeating the

arguments raised when opposing HCOA PR Management's motion for judgment on the pleadings

(Docket Nos. 126, 128). In addition, they submitted or referred to documents, including an

independent contracting agreement between Bernardi and HCOA PR Management (Docket No.

---

[1] It is unclear whether the SIF Administrator has been notified of this litigation.

126-1); and a document in Spanish dated April 13, 2015, to the effect that when the SIF notified

its decision, the SIF had not made a determination as to HCOA PR Management's employer status

(Docket No. 128 at p. 7).

## II. DISCUSSION

First, as previously indicated, HCOA PR Management requested dismissal by way of a

motion for judgment on the pleadings. In accordance with the Case Management Order ("CMO"),

the deadline to so move expired on April 14, 2016 (Docket No. 13). The motion, however, was

filed on March 22, 2017 (Docket No. 67). It is true that it was not until March 17, 2016 that Cyber

International brought HCOA PR Management into the case (Docket No. 14), and HCOA PR

Management did not answer the Third Party Complaint until June 3, 2016 (Docket No. 34). But

HCOA PR Management never sought to modify the CMO to extend the period to move for

judgment on the pleadings, and has not argued that it had good cause to delay filing the motion for

approximately eleven months after the deadline expired. See, Cruz v. Bristol-Meyers Squibb, 699

F.3d 563, 569-570 (1st Cir. 2012)(denying motion to amend filed after deadline established in

scheduling order for lack of good cause for delay). Scheduling orders are not frivolous pieces of

paper, idly entered, which can be cavalierly disregarded by counsel without peril. Id. at 570.

Second, one of the main goals of Rule 12(c) motions is avoidance of unnecessary

discovery. See, Grajales v. Puerto Rico Ports Authority, 682 F.3d 40, 46 (1st Cir. 2012)(so noting).

Thus, the First Circuit has cautioned district courts to hesitate before entertaining a Rule 12(c)

motion that asserts a complaint's failure to satisfy the plausibility requirement once the parties

have invested substantial resources in discovery. Id. The First Circuit's concern is directly

implicated here. The motion for judgment on the pleadings was filed nearly nine months after

HCOA answered the Third-Party Complaint, following what seems to have been significant

discovery-related activity. See description included in "Joint Motion for Extension of Discovery Deadlines" (Docket No. 106 at pp. 2-3).[2]

Third, as they stand, the pleadings prevent successful application of HCOA PR Management's arguments. There are no allegations in the Complaint or Third-Party Complaint regarding Law 45 immunity, albeit in its answer, HCOA PR Management does raise those issues, asserting insured employer status and immunity as to any cause of action (Docket No. 34 at p. 5). Yet, for purposes of the court's consideration of a Rule 12(c) motion, all of the well-pleaded allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. See, Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1368, at pp. 243-254 (discussing principle). So a material factual issue that will prevent a motion under Rule 12(c) from being successful may result from the defendant's pleading new matter and affirmative defenses in this answer. Id. at 253. Indeed, according to Rule 7(a) the plaintiff is not required to reply to affirmative defenses or new matter appearing in the answer. Moreover, under Rule 8(d), averments in a pleading to which no responsive pleading is required are considered by the court to have been denied. Hence, when material factual issues are raised by the answer and the defendant seeks judgment on the pleadings on the basis of this matter, the motion cannot be granted. Id. at pp. 253-254.

Fourth, a court may convert a motion for judgment on the pleadings into one for summary judgment where (i) matters outside the pleadings are presented; (ii) discovery has advanced to the point where parties had a reasonable opportunity to glean material facts; and (iii) the court has given proper notice of its intention. See, Rubert-Torres v. Hospital San Pablo, 205 F.3d 472, 475

---

[2] The original discovery deadline was November 20, 2016 (Docket No. 13), and on December 19, 2016, it was extended to May 31, 2017 (Docket No. 57). On May 10, 2017, the court, in response to a joint petition, extended the fact-witness discovery deadline to August 15, 2017 (Docket No. 117).

(1st Cir. 2000)(explaining conversion mechanism of Rule 12(c)); Rodríguez-Miranda v. Coquico,

2011 WL 2292263, at *6 (D.P.R. June 7, 2011)(same). As explained above, not only HCOA PR

Management, but plaintiffs and Cyber International rely heavily on documents outside the

pleadings. Consequently, instead of constructing arguments based on the piecemeal approach the

parties have followed in arguing for and against dismissal on the pleadings, the court will deny the

Rule 12(c) motion without prejudice to HCOA PR Management's moving for summary judgment

with a properly supported motion in line with Fed. R. Civ. P. 56 and Local Civil Rule 56.

### III.    NEXT STEPS

1. By June 14, 2017, HCOA PR Management shall inform the court whether it will file a

motion for summary judgment on the issues raised in connection with its Rule 12(c) motion. If

so, the motion for summary judgment is due on July 8, 2017.

2.    Should HCOA PR Management notify of its intent to move for summary judgment

as set in the preceding paragraph, the parties shall meet not later than June 22, 2017, to prepare a

joint statement of stipulated material facts. As to facts where no stipulation is reached, by June

30, 2017, the parties shall file a joint motion specifying (i) the proposed stipulation; (ii) the grounds

asserted to reject the proposed stipulation; and (iii) the identity of the party or parties refusing to

stipulate the proffered fact.

3. In moving for summary judgment, HCOA PR shall use the joint statement of stipulated

material facts, together with a separate statement on those facts as to which it contends no genuine

dispute exists as provided for in Local Civil Rule 56.

4. If a motion for summary judgment is filed, oppositions are due 15 days after the filing.

Replies and sur-replies may be presented without leave not later than 5 days after the motion they are responding to. In responding to statement of material facts, the parties shall refrain from arguing instead of asserting specific facts with proper record support.

5.     The motion for summary judgment, as well as any opposition, reply, or sur-reply must be accompanied by certified or stipulated English translations of any supporting document not in the English language. The court will not grant leave to file documents in the Spanish language or extensions of time to file certified translations. The First Circuit has reiterated that the United States District Court for the District of Puerto Rico cannot rely on Spanish-language documents where the unstranslated evidence has the potential to affect the disposition of an issue in the case. See, United States v. Román-Huertas, 848 F.3d 72, 75-76 (1st Cir. 2017)(stating rule). The language requirement applies to reliance on Spanish language decisions of Puerto Rico courts. See, Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008)(applying requirement to those decisions).

## IV.     CONCLUSION

For the reasons stated, HCOA PR Management's "Motion for Judgment on the Pleadings (Docket No. 67) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of June, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE