# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**NESLIE I. BERNARDI ORTIZ, <u>et al.</u>,**

    **Plaintiffs,**

    **v.**

**CYBEX INTERNATIONAL, INC., <u>et al.</u>,**

    **Defendants.**

**CIVIL NO. 15-2989 (PAD)**

## OPINION AND ORDER

Delgado-Hernández, District Judge.

      This is an action for damages related to an accident involving an exercise machine. Before the court are several motions concerning discovery. On March 23, 2018, plaintiffs and third-party defendants Fitness and Spa Solutions, Inc., Zayra Sánchez, Milton Esteva, Universal Insurance Company, Irwin Rodríguez Varela, and Fitness Services, Inc., jointly filed an "Urgent Joint Motion for Sanctions and for Extension of Discovery Deadlines Due to Cybex International, Inc.'s Failure to Comply with Discovery Obligations" (Docket No. 368). On March 24, 2018, plaintiffs filed a "Motion for Leave to File Second Amended Complaint" (Docket No. 369), and on March 26, 2018, a "Motion to Compel" (Docket No. 375). On April 9, 2018, Cybex opposed the motions (Docket Nos. 379, 381, and 382), and affirmatively sought sanctions against plaintiffs and the third-party defendants (Docket Nos. 381 and 382). Plaintiffs and the third-party defendants replied (Docket Nos. 387, 391, 393, 395, 398, and 399), and Cybex sur-replied (Docket Nos. 406, 407, 408, and 409). For the reasons explained below, the Motion for Sanctions is GRANTED IN PART and DENIED IN PART, the Motion to Amend is DENIED, and the Motion to Compel is GRANTED IN PART and DENIED IN PART. Factual discovery is extended until July 29, 2018. Cybex must

designate a corporate representative or representatives for deposition pursuant to Fed. R. Civ. P. 30(b)(6). The requests for monetary sanctions are denied. To facilitate review, the material has been organized as follows:

I.     PROCEDURAL BACKGROUND…………………………………..…..… 2

II.    DISCUSSION………………………………………………………..…… 3

     A.   Plaintiffs' and Third Party Defendants' Motion for Sanctions  3
         (Docket No. 368)..…………………………………………..............

         1.  Failure to Disclose Information…………………………..…….. 4

         2.  Failure to Designate Corporate Representative(s)...…………… 12

     B.   Motion to Compel (Docket No. 375)……………….................... 16

     C.   Extension of Discovery (Docket Nos. 368, 375)………………….. 17

     D.   Monetary Sanctions (Docket Nos. 375, 381, 382)…....................... 19

     E.   Leave to Amend (Docket No. 369)……………………………….. 21

III.   CONCLUSION……………………………………………………….. 23

## I.     PROCEDURAL BACKGROUND

On December 1, 2015, plaintiffs initiated this action against Cybex and its insurer, Navigators Specialty Insurance Company (Docket Nos. 1 and 28). Cybex and Navigator filed an impleader complaint against HCOA Mayagüez, LLC and other HCOA entities, TS Fitness PR HoldCo, LLC, Total Body Fitness PR, LLC, their insurer MAPFRE-PRAICO Insurance Company, Fitness and Spa Solutions, Inc., Zayra Sánchez, Milton Esteva, and their insurer Universal Insurance Company (Docket No. 14), alleging in part that if plaintiffs suffered any injuries and/or damages, it was due to the negligent or tortious conduct of the third-party defendants. <u>Id.</u>

On March 10, 2016, the court issued a case management order setting a deadline of March 31, 2016, to amend the pleadings and to add new parties, and November 10, 2016, to conclude discovery (Docket No. 13). Since the entry of the case management order, discovery deadlines have been extended on five occasions (Docket Nos. 50, 57, 117, 215, and 287), with the last deadline for fact witness discovery set for March 30, 2018 (Docket No. 287). The parties' present dispute revolves around Cybex's disclosures of witnesses and production of documents, the depositions of some of its fact witnesses, and its refusal to designate a corporate representative for deposition.

## II.     DISCUSSION

### A.  Plaintiffs' and Third-Party Defendants' Motion for Sanctions (Docket No. 368)

Plaintiffs and the third-party defendants seek sanctions against Cybex, contending that Cybex: (1) failed to provide names of additional witnesses, produce documents, and inform of the sale of Cybex to a third party; and (2) wrongfully refused to designate a corporate representative for a deposition.[1] Along with sanctions, they request that the court extend the discovery period for three (3) additional months. Id. at pp. 14-15. Cybex argues that: (1) the motion should be summarily denied for failure to comply with the certification requirement of Fed. R. Civ. P. 37(a)(1); and (2) the plaintiffs and third-party defendants should be required to pay for Cybex's

---

[1] The court notes that the joint motion for sanctions at Docket No. 368 does not specify the type of sanctions sought. The third-party defendants' reply to Cybex's opposition to the joint motion for sanctions at Docket No. 395 asks the court to "preclude Cybex from using the undisclosed witnesses and evidence for any purpose in this case, permitting its use only by movants"(id. at p.10 ), whereas in reference to sanctions, plaintiffs' motion to compel Cybex to make available for deposition its corporate representatives at Docket No. 375 requests that Cybex be ordered to pay the reasonable expenses, including attorney's fees, caused by its failure to allow corporate representatives to be deposed. Id. at 16. Whereas plaintiffs also raise the corporate representative dispute in the joint motion for sanctions at Docket No. 368, they did not ask for monetary sanctions therein in connection with that dispute.

expenses and attorney's fees in opposing the motion as a sanction under Fed. R. Civ. P. 37(a)(5)(B) (Docket No. 381 at pp. 20-21, 26-27).

Fed. R. Civ. P. 37(a)(1) reads in part that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery," but "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In this way, the meet-and-confer requirement applies to motions seeking orders to compel, not to motions for sanctions. See, Fulmore v. Home Depot, U.S.A., Inc., 423 F.Supp.2d 861, 872 (S.D. Ind. 2006)(sanctions provision of Rule 37 does not require conferral)(quoting Advisory Committee Notes to both the 1993 and 2000 Amendments to Rule 37). Consequently, failure to meet and confer does not result in denial here.

## 1. Failure to Disclose Information

Fed. R. Civ. P. 26 "requires a party, without awaiting a discovery request, to provide to the other parties the name of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses. That obligation is a continuing one." Aponte-Dávila v. Municipality of Caguas, 2017 WL 3025896, *1 (D.P.R. July 17, 2017); Fed. R. Civ. P. 26(a)(1)(A)(i), (ii) and (e).[2] To that end, Fed. R. Civ. P. 26(e)(1) specifies that:

---

[2] Fed. R. Civ. P. 26(b)(1) defines "discoverable information" as:

"[A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

"A party who has made a disclosure under Rule 26(a)–or who has responded to an interrogatory, request for production, or request for admission–must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."

In turn, Fed. R. Civ. P. 37(c) authorizes the court to impose sanctions, up to and including dismissal of the action, for a party's failure to comply with disclosure obligations under Fed. R. Civ. P. 26(a) and (e). See, Aponte-Dávila, 2017 WL 3025896 at *1 (discussing issue). Although "sanctions can vary depending on the circumstances, the baseline rule is that the required sanction in the ordinary case is mandatory preclusion." Id. (citing Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este and Sara López, M.D., 456 F.3d 272, 276 (1st Cir. 2006)). As a result, a party who violates Fed. R. Civ. P. 26(a) and (e) may end up facing an order precluding the party from using "undisclosed material as evidence . . . ." Morrison Knudsen Corp. v. Fireman's Fund Ins. Co., 175 F.3d 1221, 1229 n.2 (10th Cir. 1999). Mandatory preclusion "can be mitigated in those cases where the failure to disclose was substantially justified or harmless." Aponte-Dávila, 2017 WL 3025896 at *1. The party seeking to avoid sanctions bears the burden of showing that its failure to comply with discovery obligations satisfies those criteria. See, Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001)(applying test).

Plaintiffs and the third-party defendants claim that testimony from the March 14, 15, and 16, 2018, depositions revealed that Cybex failed to (1) name additional fact witnesses[3] and disclose

---

[3] Plaintiffs and the third party defendants state that Cybex did not disclose the identity of Gary Lurken, alleging that they alone discovered, from independent sources, that he was a designer of the machine involved in the accident underlying this litigation (Docket No. 368 at p. 3). Also, they claim that March 2018 depositions revealed, for the first time, that Cybex had failed to provide the names of other individuals involved in the design, manufacturing, and testing of the machine, including (1) Glenn Wolf; and (2) Greg Highsmith; (3) Ron Bauer; and (4) John Falls (id. at pp. 9-10) and that, contrary to Cybex's representations in its initial disclosures, Richard Vatsaas and Stephen Wendt testified that they no participation whatsoever in the design, manufacturing, and testing of the machine or in the creation of maintenance manuals or labels, which is also sanctionable under Fed. R. Civ. P. 26 given that the witnesses

relevant documents and information;[4] and (2) inform movants that Life Fitness and the Brunswick Corporation had acquired Cybex, even though from the plaintiffs' and third-party defendants' perspective, the purchasers may be liable to plaintiffs in addition to being considered the real party in interest to maintain the impleader action against the third-party defendants. <u>Id.</u> at pp. 6-7. They posit that Cybex should be sanctioned because it acted in bad faith, with the intent to conceal discoverable information. <u>Id.</u> at pp. 10-16.[5]

Cybex contends that it fully complied with its Rule 26(e) obligations because it provided, on March 15, 2017, and December 6, 2017, documents that sufficiently identify Gary Lurken as well as the witnesses allegedly revealed for the first time during the March 2018 depositions (Docket Nos. 381 at pp. 14-20, 26; 391 at p. 10-11; 408 at pp. 7-8). It asserts that plaintiffs and the third-party defendants had never voiced any concern regarding its disclosures and production of documents, that those parties failed to show whether the information and documents mentioned

---

did not possess knowledge relevant to the parties' claims or defenses (Docket No. 368, 8; Docket No. 395 at p. 6).

[4] On this issue, they assert that Cybex failed to produce: (1) the complete file of the machine; (2) electronic documents regarding the machine's manufacturing costs as well as of its prior and subsequent models; (3) drawings for each part of the machine; (4) several owner's manual versions for the same machine models; (5) documents regarding the design phases of the machine, such as engineering change orders and drawings; (6) materials requisition forms; (7) weldment drawings; (8) piece part drawings; (9) data stored in the ERP system regarding the parts of the machine and its manufacturing costs; (10) 3D computer models of the components of the machine; (11) CAD key software data regarding the same machine models; (12) drawings of models; (13) videos regarding tests performed to the machine; (14) documents regarding the acquisition of Cybex by Life Fitness and/or Brunswick Corporation; and (15) prior testimonies under oath given by Wendt and Lurken in previous depositions taken in two products liability cases against Cybex, which according to plaintiffs and third party defendants, were not disclosed even though the cases are related to the same type of machine at issue here (Docket No. 368 at pp. 8-9).

[5] Plaintiffs and the third-party defendants also request sanctions under Fed. R. Civ. P. 37(b)(2)(A) (Docket No. 368 at pp. 11-12). However, they do not allege in their motion or even mention in passing, that Cybex has violated any particular order to compel, condition precedent for sanctions under that Rule. <u>See</u>, <u>R.W. Intern. Corp.</u> v. <u>Welch Foods, Inc.</u>, 937 F.2d 11, 15 (1st Cir. 1991)(Fed. R. Civ. P. 37(b)'s language "clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before the enumerated sanctions can be imposed"). Thus, their request under Rule 37(b)(2)(A) must be denied as unsupported.

in note 4 were ever previously requested at all and, if so, whether Cybex objected to their production or withheld them in any way (Docket No. 381 at p. 18).

First, as to written discovery (i.e. the documents identified in note 4), plaintiffs and the third-party defendants have not placed the court in a position to determine that documents were previously requested but undisclosed, or that Cybex knew or should have known that its disclosures or responses were incomplete if they did not include those documents. On this record, the court cannot conclude that Cybex violated Fed. R. Civ. P. 26(a) and (e).

Second, even if Cybex failed to disclose Lurken as a witness, no harm resulted, considering that plaintiffs and the third-party defendants had notice of his existence since May 2017 (Docket No. 368-4), and were able to depose him in March 2018. They contend that Vatsaas and Wendt are not knowledgeable witnesses, and the only deposition excerpts provided for the court's consideration (attached to the reply at Docket No. 395), tend to confirm that those witnesses did not participate in the design and manufacturing process of the machine (Docket Nos. 397-1 at p. 18; 397-3 at p. 12) or in the preparation of the machine's manuals or maintenance instructions (Docket Nos. 397-1 at p. 19; 397-3 at p. 22). But, from the excerpts alone, the court cannot assess the full extent of the witnesses' knowledge regarding claims and defenses, and thus, is not in a position to find that Cybex breached Fed. R. Civ. P. 26.

Third, with respect to Cybex's failure to identify Wolf, Highsmith, Bauer, and Falls as fact witnesses, Lurken's deposition excerpts corroborate that these individuals were involved in the design, testing, observation, and manufacture of the machine (Docket Nos. 395 at p. 6; 397-2 at pp. 23-25) and in that sense, may possess information relevant to the case. Cybex alleges that their knowledge is irrelevant, "considering that the machine was designed 23 years ago," and that, in any event, their identities were made known through the documents attached to its December 2017

supplemental responses to interrogatories (Docket Nos. 308 at 16; 403-1). However, plaintiffs and the third-party defendants take issue with those supplemental responses, explaining that the documents contain incomplete names and initials of persons, some of which are in handwriting, and do not state the role, knowledge, and extent of participation the individuals had in the creation of the machine (Docket No. 391). Accordingly, they state Cybex should have provided them with an amended Fed. R. Civ. P. 26 statement containing the names of these witnesses along with a statement of the matters over which they have knowledge (Docket Nos. 391; 395).

The argument is not without merit. See, American Steel Erectors v. Local Union No. 7, Intern. Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, 815 F.3d 43, 57 n.2 (1st Cir. 2016)(although an amended Rule 26 statement is unnecessary when additional information has been made known during the discovery process, mere mention of a witness's name in depositions or interrogatories is insufficient, especially if the case involves an expansive record and a multitude of individuals). Nevertheless, given that Cybex supplemented its prior discovery (Docket No. 403-1), if plaintiffs or the third-party defendants had any objections regarding the form and quality of the furnished documents, a meeting to confer would have been the most cost effective mechanism to address their concerns. If not used before, the modified discovery schedule the court is authorizing –see Section II-C below– opens up the opportunity to meaningfully address discrepancies surrounding this matter. Thus, supposing that Cybex violated any obligation to amend its initial disclosures, contrary to what the movants request, the particular circumstances surrounding this dispute do not require preclusion. See, Harriman v. Hancock County, 627 F.3d 22, 30 (1st Cir. 2010)(identifying factors relevant to preclusion decision); Federal Deposit Insurance Corporation v. Arrillaga-Torrens, 212 F.Supp.3d 312, 369 (D.P.R. 2016)(remedy of exclusion is not mechanical and must be tailored to the wrong).

Fourth, plaintiffs and the third party defendants allege to have learned for the first time during the March 2018 depositions that Cybex failed to disclose "at least two products liability cases" filed against Cybex related to the machine model involved in the accident here (Docket No. 368 at p. 8). They did not explain to the court's satisfaction how the cases specifically relate to the three claims that Cybex expressly mentioned in its answers to interrogatories.[6] Without more, the court cannot conclude that Cybex's disclosures fell short of complying with discovery obligations.

Fifth, regarding Cybex's acquisition, plaintiffs and the third party defendants contend that Cybex never disclosed the transaction in its answers to interrogatories, in violation of Fed. R. Civ. P. 26(e) (Docket No. 368 at p. 7).[7] Cybex's opposition at Docket No. 381 failed to respond to that contention, albeit in a separate responsive motion at Docket No. 379, Cybex addressed the issue, conceding that it was acquired by Life Fitness and Brunswick in January 2016. However, it attempted to excuse its failure to inform the other parties of the transaction because in its view: (1) the acquisition is irrelevant to the case, was widely known public information, and could easily have been found on the internet; (2) Cybex is still a viable, ongoing, and insured corporation that operates independently of its parent companies; and (3) the parties never asked for such information in any of its discovery requests (Docket No. 379). In a sur-reply related to plaintiffs'

---

[6] The interrogatory propounded on Cybex called for information on "any and all complaints and/or claims received and/or known by Cybex International related to the model of the [m]achine involved in this accident . . . ." Although Cybex objected on grounds of vagueness, ambiguity, privilege, and irrelevancy, among others, it answered that there were at least three claims related to the model of the machine in question. See, Docket No. 368-3 at pp. 22-23; Docket No. 381 at pp. 20-21.

[7] They also point out that Cybex's acquisition should have been disclosed pursuant to Fed. R. Civ. P. 26(a) (Docket No. 395 at pp. 3-5). Generally, the Rule only requires unsolicited disclosure of the name and contact information of individuals likely to have discoverable information (including the subjects of that information), documents, computation of each category of damages, and insurance agreements.

motion for leave to file a second amended complaint, it further argued that "[g]iven the time that

passed between the design and manufacture of the subject model and Cybex's sale, it is difficult

to see how Brunswick or Life Fitness would be necessary to this case" (Docket No. 407 at pp. 3-

4).[8]

      Within this framework, interrogatory 25 reads: "[s]tate if you know any person, whether or

not included as a defendant and/or third party defendant in this case, who may be liable for the

incident alleged in this Complaint.  Produce all evidence in support of your answer" (Docket Nos.

389-8 at p. 8; 389-9 at p. 25).  On March 15, 2017, without any objection or reservation, Cybex

responded: "[a]t this time, Cybex is not aware of any other party who may be liable for the incident

alleged in Plaintiffs' Complaint, other than the parties already in this lawsuit."  It did not, however,

provide any information as to Life Fitness or Brunswick, or why those entities would not be

potentially liable in this case (Docket No. 389-9 at p. 26).  It states that it "was never asked if it

had been acquired, if it had a parent company, was a division of another company, or anything

along those lines" (Docket No. 379 at p.6).  But in the definitions section of the Interrogatories,

"person" is defined as "a natural or juridical person or any entity of any kind, including public or

---

[8] The court cannot understate its frustration at the parties' style of piecemeal motion practice, where arguments brought in one motion are responded to and elaborated in separate motions that do not stem from and are not directly related to the relief sought in the initial motion.  The motion at Docket No. 368 requests, among others, sanctions against Cybex for nondisclosure of the acquisition by Life Fitness and Brunswick.  Cybex's response to this motion, filed at Docket No. 381, is silent as to this point, even though Cybex opposes that request in its motion at Docket No. 379, which is a response to a separate motion requesting leave to amend the complaint filed at Docket No. 369.  Along the same line, although plaintiffs and the third party defendants attached "Defendant Cybex International, Inc.'s Answers and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents" with their Motion for Sanctions, they failed to direct the court to the *specific* discovery request in question bearing on Cybex's acquisition (Docket Nos. 368-3; 379 at p. 6), albeit in another motion (the reply at Docket No. 387), plaintiffs clarified that the information was requested through interrogatory 25 of their "First Set of Interrogatories and Request for Production of Documents" (Docket Nos. 387; 389-8 at p. 8; 389-9 at p. 25).  Additional instances of the same problem are described in note 1.  Accordingly, the court strongly encourages the parties to organize requests, arguments, oppositions and responses in a more lineal, easy to follow manner, to optimize the use of each other's and the court's resources in assessing the merits of the arguments put forth for evaluation.

private corporations and all of their divisions, subsidiaries, affiliates or parent companies, as well

as businesses, partnerships, governmental entities, associations, organizations, groups, trusts, and

other similar entities," further stating that "[a]ny reference made . . . to a person (whether or not a

party to this case) who happens to be a corporation, partnership or entity and thus not an individual

or a natural person shall be considered as including all of its subsidiaries, affiliates or parent

companies, and the directors, officers, employees and agents of those" (Docket No. 387 at p. 8).[9]

Cybex asserts there is no evidence in the record that Cybex's pre-acquisition liabilities

were transferred to Life Fitness or Brunswick (Docket No. 379 at p. 9). True, but there is no

evidence to support the contrary proposition, that is, that pre-acquisition liabilities were not

transferred. See, Calabro v. Stone, 224 F.R.D. 532, 533(E.D. N.Y. 2004)(allowing inspection of

third parties' insurance policies noting that while counsel may be correct that policies contained

enforceable provisions excluding from coverage the accident at issue, plaintiff was not limited to

counsel's say-so in making this determination). So factoring in all elements, Cybex should have

been forthcoming in supplying more precise information to support its response to Interrogatory

---

[9] Cybex's answer raises eyebrows, because the acquisition occurred in January 2016, that is, 10 months before plaintiffs served their first set of interrogatories to Cybex (Docket No. 389-8), and Cybex's supplemental answers of December 2017 are silent as to those companies as well (Docket No. 403-1). In similar fashion, the court has not found Cybex's corporate disclosures in the record. In general, Fed. R. Civ. P. 7.1 requires a nongovernmental corporate party to file, with its first appearance, pleading or other motion, a corporate disclosure statement (1) identifying any publicly held corporation owning 10% or more of its stock, as well as its parents, affiliates or subsidiaries with shares issued to the public, or (2) stating that there are no such corporations. Id. Moreover, the party must promptly file a supplemental statement if any required information changes. Id. The Rule was adopted to assist the Judiciary in determining whether there are grounds for disqualification or recusal under the financial interest standard. See, Fed. R. Civ. P. 7.1 Advisory Committee's Note to 2002 Adoption; see also, Local Rule 7.1. The corporate disclosure statement is not a discovery device in the sense that failure to file ordinarily does not carry sanctions. See generally, City of Galesburg v. Aecom USA, Inc., 2016 WL 1170902, *2 (C.D. Ill. Mar. 24, 2016); Curtis v. Illumination Arts, Inc., 2013 WL 1148802, *2 (W.D. Wash. Mar. 19, 2013); Medmarc Cas. Ins. Co. v. Sterling & Dowling PC, 2010 WL 3747754, *1 (S.D. Ill. Sept. 20, 2010). Nevertheless, if Cybex had filed the corporate disclosure statement or supplement as appropriate, it may not have found itself in its current predicament, saving the court's and parties' valuable time and resources used in addressing the failure to disclose its link to Life Fitness and Brunswick.

25 and any supplemental answer bearing on its relation to Life Fitness and Brunswick, in light of the question asked and the instructions provided. A *Google* search or press releases on this matter were not proper substitutes therefor. And that the machine's design and manufacture occurred many years in the past does not change the need to adequately support the answer, especially considering the –as yet untested– possibility that Life Fitness and Brunswick might be liable under a theory of successor liability.[10] Taking into account that Cybex did not raise an objection as to relevance when it answered the interrogatory –and relevancy cannot be ruled out by simply denying it– the answer to the interrogatory was insufficient. See, Fed. R. Civ. P. 37(a)(4) (incomplete disclosure treated as a failure to disclose). In context, it was not substantially justified or harmless. See, Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997)(observing that discovery material disclosed near the end or after the close of discovery period deprives the opposing party of any meaningful opportunity to follow up on that information, or to incorporate it into its litigation strategy). The consequence is discussed in Section II-C (Extension of Discovery).

### 2. Cybex's Failure to Designate Corporate Representative(s).

Plaintiffs and the third party defendants fault Cybex for failing to designate a corporate representative under Fed. R. Civ. P. 30(b)(6) (Docket No. 368 at pp. 2-6). They allege that they had joined efforts to schedule the depositions of Lurken, Wendt, and Vatsaas, and that Wendt and Vatsaas were repeatedly named as the Cybex corporate representatives during discovery

---

[10] Plaintiffs rely on this legal doctrine for purposes of showing good cause as to why the court should allow amendments to the pleadings, centered on including Life Fitness and Brunswick as defendants in the action. See, Docket No. 387 at pp. 10-12.

proceedings. Id.[11]

On March 5, 2018, plaintiffs served a notice of deposition addressed to Lurken for March 14, 2018, and a Rule 30(b)(6) notice of deposition *duces tecum* addressed to Cybex for March 15 and 16, 2018, to depose Vatsaas and Wendt as corporate representatives. Id. at p. 5.[12] But, on March 8, 2018, Cybex objected to the Rule 30(b)(6) notice, asserting it would not produce a corporate representative for scheduled depositions, and that it would only produce Wendt and Vatsaas in their personal capacities. Id. On March 9, 2018, the parties met and discussed the issue. Id. However, Cybex insisted on its refusal to designate any corporate representative for the March 15 and 16, 2018 depositions. Id. To avoid missing the opportunity to depose at least some of Cybex's witnesses, plaintiffs reluctantly agreed, without waiving any objections, to depose Vatsaas and Wendt in their individual capacities, as well as Lurken, on the scheduled dates. Id. at pp. 5-6. They maintain that Cybex's "withdrawal" of Vatsaas and Wendt as the designated corporate representatives was a bait and switch tactic that should be sanctioned, and that Cybex should be ordered to designate a representative to be deposed as provided for in Fed. R. Civ. P. 30(b)(6). Id. at p. 7; Docket No. 391 at pp. 6-7.[13]

---

[11] They state that they had discussed with counsel for Cybex the depositions of the foregoing, setting August 8 and 9, 2017, as the deposition dates. Accordingly, on May 30, 2017, third party defendant MAPFRE served on Cybex a Rule 30(b)(6) notice of deposition duces tecum, to which Cybex designated Wendt and Vatsaas as corporate representatives. (Docket No. 368 at pp. 3-4). On July 10, 2017, MAPFRE withdrew its notice of deposition, and on even date, plaintiffs informed Cybex of its interest in taking these depositions, as well as that of Lurken, on August 9, 2017. Id. at p. 4. On July 19, 2017, the August 8 and 9, 2017, depositions were cancelled, but, on November 22, 2017, Cybex informed that Vatsaas and Wendt would be available for deposition on January 24, 26, 30 and 31, 2018 (id.), further stating that Lurken was no longer working for the company, and that it was searching for his contact information. Id. On December 18, 2017, Cybex stated that, although it had contacted Lurken, he was unavailable for deposition in January 2018. Id. Finally, depositions were scheduled for March 14, 15 and 16, 2018, in the state of Minnesota. Id.

[12] Plaintiffs and the third party defendants justify their notice to depose Vatsaas and Wendt "considering that Cybex had already designated them as Cybex's corporate representatives" in their communications and filings (Docket No. 368 at p. 5).

[13] Plaintiffs and the third party defendants emphasize that the parties jointly submitted an informative motion to the

Cybex counters that the March 2018 depositions were scheduled to depose the witnesses in their personal capacities, consistently with numerous communications the parties exchanged, which repeatedly made mention of "Cybex's witnesses" and even referred to Vatsaas and Wendt as mere "witnesses," not corporate representatives (Docket No. 381 at pp. 2-14). It explains that it was surprised when it received a Rule 30(b)(6) notice to depose Vatsaas and Wendt on March 5, 2018, that is, only six (6) business days before the first deposition on March 14, 2018. Id. at p. 12. And it states that the Rule 30(b)(6) notice was untimely and improper because: (1) plaintiffs unilaterally attempted to choose Wendt and Vatsaas as Cybex's corporate representatives for deposition, which is contrary to the Rules; and (2) it included a list of 27 topics of inquiry and 17 requests for production of documents, which did not afford reasonable time for Cybex to investigate the topics, designate a knowledgeable corporate representative, and produce the requested documents, especially in light that plaintiffs had allegedly only previously requested to depose Wendt and Vatsaas as fact witnesses. Id. at pp. 13-14; 21-25; Docket No. 408 at p. 4.

Fed. R. Civ. P. 30(b)(6) allows a party to notice the deposition of a corporation, describing with reasonable particularity the matters for examination. Id. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf, and may set out the matters on which each person so designated will testify. Id. The corporation appears vicariously through the designated person(s). See, Omega Hosp., LLC v. Community Ins. Co., 310 F.R.D. 319, 321 (E.D. La. 2015)(so noting)(citing Resolution Trust Corp. v. Southern Union Co., Inc., 985 F.2d 196, 197 (5th Cir. 1993)).

---

court in which Cybex allegedly designated Wendt and Vatsaas as corporate representatives (Docket Nos. 368 at p. 2; 391 at p. 7; 275 at p. 3).

Cybex objected out-of-court to the Rule 30(b)(6) notice but did not seek a protective order. Confronted with a notice of deposition and absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order. See, Beach Mart, Inc. v. L & L Wings, Inc., 302 F.R.D. 396, 406 (E.D. N.C. 2014)(articulating principle). Despite this shortcoming, for the sake of efficiency the court will examine Cybex's objections, as raised in response to the request for sanctions (Docket No. 381) and motion to compel (Docket No. 382).

Cybex complains that it was not up to plaintiffs to decide who would be Cybex's representative (Docket No. 381 at p. 23). Plaintiffs and the third party defendants have not directed the court to any rule allowing a party that seeks to depose a corporation to unilaterally choose the corporate representative. Nor could they, for Rule 30(b)(6) does not allow such a move. See, Progress Bulk Carriers v. American S.S. Owners Mut. Protection and Indem. Ass'n, Inc., 939 F. Supp. 2d 422, 430 (S.D.N.Y. 2013)("The rule . . . does not permit the party issuing the notice to select who will testify on the organization's behalf"). As a consequence, Cybex was under no obligation to designate Vatsaas or Wendt as corporate representatives.

Cybex observes that the Rule 30(b)(6) notice *duces tecum* was not served with reasonable anticipation (Docket No. 381 at pp. 21-23). Pursuant to Fed. R. Civ. P. 30(b), a party "who wants to depose a person by oral questions must give reasonable written notice to every other party." The notice here was served six (6) business days before the deposition, and included 27 topics of deposition plus 17 requests for production of documents regarding the machine at issue, a machine that Cybex contends was designed in the early 1990s and manufactured in 2007 (Docket No. 368-12 at pp. 1-7; Docket No. 379 at p. 3). In these conditions, notwithstanding the substantial amount of time that on its account Cybex's team has devoted to discovery, the court accepts Cybex's representation that service of the Rule 30(b)(6) notice was not sufficient to provide it with a

reasonable amount of time to prepare a knowledgeable representative on the topics and respond to the request for production of documents included in the Rule 30(b)(6) notice. The consequence is discussed in Section II-C (Extension of Discovery).

### B. Plaintiffs' Motion to Compel (Docket No. 375)

Plaintiffs ask for an order compelling Cybex to make available for deposition its corporate representatives and to pay the reasonable expenses, including attorney's fees, caused by Cybex's failure to allow corporate representatives to be deposed (Docket No. 375 at p. 16). Cybex opposes, arguing that plaintiffs: (1) "took fulsome and in some instances lengthy depositions on the three key witnesses they sought all along" from Cybex –Lurken, Wendt, and Vatsaas; and (2) served written discovery on Cybex which Cybex answered without objections (Docket No. 382 at p. 4). As Cybex acknowledges, however, at no time has it designated corporate representative(s) (id. at p. 5), given that for Cybex, Lurken, Wendt and Vatsaas were but "fact witnesses" (Docket No. 381 at p. 21).

The basic purpose of a 30(b)(6) deposition is to bind the corporation, holding it accountable. See, New Jersey v. Sprint Corp., 2010 WL 610671, * 1 (D. Kans. Feb. 19, 2010)(so recognizing). This is quite unlike a deposition of an employee of the corporation, which is little more than that individual employee's view of the case and is not binding on the corporation. See, Estate of Thompson v. Kawasaki Heavy Industries, Ltd., 291 F.R.D. 297, 304 (N.D. Iowa 2013)(explaining distinction). The designee "represents the corporation just as an individual represents him or herself at a deposition." U.S. v. Taylor, 166 F.R.D. 356, 361 (M.D. N.C. 1996). For that reason, even if the substance of the information ultimately provided through a 30(b)(6) deposition mirrors that of the testimony given by the corporation's employees or other witnesses, a party "still is entitled to tie down the definitive positions" of the corporation rather than those of

the individuals who work for it. Id.[14] Similarly, a party is not prevented from questioning a live witness in a deposition setting just because the topics are similar to those contained in documents already provided or interrogatory questions answered. See, Wilson v. Lakner, 228 F.R.D. 524, 529 & n.7 (D. Md. 2005)(so recognizing).

Consequently, Cybex must designate a corporate representative in conformity with Fed. R. Civ. P. 30(b)(6) regardless of whether fact witnesses have been deposed or interrogatories answered. Because it has not made the designation, the motion to compel is an apt instrument to bring the issue to the court's attention, and the order sought, an appropriate remedy for the absence of designation. See, United Consumers Club, Inc. v. Prime Time Marketing Management Inc., 271 F.R.D. 487, 497 (D. Ind. 2010)(in absence of designation, "the deposing party may move for an order compelling a designation").

**C. Extension of Discovery (Docket Nos. 368, 375).**

Plaintiffs and the third party defendants seek to extend the discovery deadline to conclude factual witness discovery (Docket Nos. 368, 375). The discovery extension requires modification of the Case Management Order that the court entered in accordance with Fed. R. Civ. P. 16(b) (Docket No. 13), an extension that Cybex opposes, asking the court for a protective order barring further depositions and excusing Cybex from responding to outstanding requests for production

---

[14] It is all the more appropriate to bind a corporation to the testimony of its Rule 30(b)(6) designee, where the corporation itself selects the deponent or deponents who will speak for it and has the opportunity to prepare the deponent to testify to matters beyond his or her personal experience. Id. Correspondingly, Fed. R. Civ. P. 32(a)(2) permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial. See, Coughlin v. Capitol Cement Co., 571 F.2d 290, 308 (5th Cir. 1978)(so noting). Considering that the Rule 30(b)(6) deponent is designated to speak for the entity, and "there is no distinction between the corporate representative and the corporation," Sprint Communications Co., L.P. v. Theglobe.com, Inc., 236 F.R.D. 524, 525 (D. Kan. 2006), the deponent's testimony on behalf of the entity is the statement of a party opponent and not hearsay when offered by the adversary.

(Docket No. 382 at pp. 13-14).[15]  From its perspective, "the other parties . . . have for the most part, been sitting back while Cybex expends the time and resources necessary to drive this case towards resolution."  Id.

Case management order schedule modifications require leave of court predicated on a showing of good cause.  See, Fed. R. Civ. P. 16(b)(4)(specifying requirements); 6A Wright and Miller, Federal Practice and Procedure § 1522.2, 313-316 (2010)(discussing concept).  As applied to discovery, the existence of "good cause" turns on a variety of factors, including: (1) whether the moving party's lack of diligence or the opposing party's conduct contributed to delay; (2) potential prejudice cause by the discovery extension; and (3) any other factors the court, in its discretion, determines to be relevant.  6A Wright and Miller, supra.

Cybex states that plaintiffs and the third party defendants "are the only ones to blame if they did not get the discovery they wanted," due to "their lack of effort, diligence, and honesty" (Docket No. 381 at p. 14), a proposition with which the other parties take issue, claiming in part that Cybex "defied its procedural duties" (Docket No. 395 at pp. 2, 3), and "cannot complain of something of its own making" (Docket No. 387 at p. 2).  So far as the court can ascertain, the record does not reveal lack of diligence in pursuing discovery.  In addition, Cybex did not disclose its relation with Life Fitness and Brunswick as it should have to support its response to interrogatory 25.  As the information should have been provided when asked for, granting in part the discovery extension that has been requested will fill the informational gap that the "Life Fitness/Brunswick" omission created.  In like manner, extending the period will make possible

---

[15] Cybex requests a protective order to bar further depositions, and excuse Cybex from having to respond to plaintiffs' Rule 30(b)(6) notice *duces tecum* and a request for documents sent by plaintiffs via letter dated March 29, 2018, which refers to documents requested during the depositions of Lurken, Vatsaas and Wendt on March 14, 15, and 16, 2018. (Docket Nos. 382 at pp. 13-14; 406 at p. 6; 382-2).

Cybex's corporate deposition and any additional discovery necessary to wrap up this phase of the litigation.  See, Bartlett v. Mutual Pharmaceutical Co., Inc., 2009 WL 3614987, *7 (D.N.H. Nov. 2, 2009)(holding that, depending on the case, remedy of extension of discovery may best match a Rule 26 violation).  The time, expense and burden of extending the discovery window do not outweight the likely benefit of producing information in conformity with the Rules.  On that basis, the court will extend the factual witness discovery cutoff date, modifying the litigation work schedule as follows:

| EVENT | DEADLINE |
|---|---|
| 1.  Fact Witness Discovery | July 29, 2018[16] |
| 2.  Plaintiffs' Final Expert Witness Reports | August 29, 2018 |
| 3.  Defendants' Expert Witness Reports | September 29, 2018 |
| 4.  Rebuttal Expert Witness Reports | October 29, 2018 |
| 5.  Conclusion of discovery, including expert witness discovery | November 29, 2018[17] |
| 6.  Joint Pretrial Conference Report | December 21, 2018 |
| 7.  Pretrial Conference | January 25, 2019 |
| 8.  Trial | March 1, 2019[18] |

**D.  Request for Monetary Sanctions (Docket Nos. 375, 381, 382).**

Plaintiffs seek monetary sanctions against Cybex whereas Cybex requests sanctions against

---

[16] No factual discovery is permitted after this date.  Normally, the discovery deadline specifies the date on which the category of discovery to which it refers must be completed.  In line with this principle, document requests must be served not later than 30 days prior to the discovery deadline.  Demands under other categories (e.g. depositions) must be made within the applicable timeframes.  While there may be exceptions to the general rule, notices and applications for discovery should be structured to ensure production or delivery of the information sought not later than the cutoff date.

[17] Put simply, the period between July 26, 2018, and November 27, 2018, is limited to expert-related discovery.

[18] The trial date may change depending on the court's need to accommodate trials in criminal cases and older, ready-to-try civil cases.

both plaintiffs and the third-party defendants.  Plaintiffs allege Cybex should be required to pay the reasonable expenses, including attorney's fees, caused by its failure to allow its corporate representatives to be deposed (Docket No. 375 at p. 16).  Cybex asserts it was substantially justified in objecting to plaintiffs' Rule 30(b)6) notice of deposition, arguing that plaintiffs' motions represent "nothing but [p]laintiffs'and [t]hird party [d]efendants joining them, attempt to lay blame for their lack of diligence at the feet of Cybex," something Cybex labels "unethical and . . . sanctionable" (Docket No. 381 at p. 27).  It adds that plaintiffs and the third-party defendants have absolutely no justification, little less a substantial justification, for exposing it to the expense required to respond to the "unfounded motions" the court has addressed, and because if a motion brought pursuant to Rule 37 is denied, as Cybex says the plaintiffs' and third-party defendants' motions should be denied, the court should issue a protective order under Fed. R. Civ. P. 26(c) and require the movants (e.g. plaintiffs and the third-party defendants), the attorneys filing the motions, or both, to pay the party who oppose the motions (e.g. Cybex) its reasonable expenses incurred in opposing the motion, including attorney's fees (Docket No. 381 at pp. 26-27).

The "great operative principle" of Rule 37(a) is that the loser pays.  <u>Saalfrank</u> v. <u>Town of Alton</u>, 2010 WL 839884, *3 (D.N.H. Mar. 5, 2010)(internal brackets omitted)(citation omitted).  Fee shifting when the court must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries or third parties without regard to the merits of the claims.  <u>See</u>, <u>Rickels</u> v. <u>City of South Bend, Ind.</u>, 33 F.3d 785, 787 (7th Cir. 1994)(explaining policy).  However, the rule provides that "the court must not order this payment if the motion [to compel] was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B)(emphasis added).  The loser bears the burden to show it was substantially justified in moving to compel or that other circumstances

make an award of expenses unjust.  <u>See</u>, <u>Moulton</u> v. <u>Bane</u>, 2015 WL 7568583, *2 (D.N.H. Nov. 24, 2015)(discussing issue).  "Substantially justified" means "justified in substance or in the main– that is, justified to a degree that could satisfy a reasonable person."  <u>Sheppard</u> v. <u>River Valley Fitness One, L.P.</u>, 428 F.3d 1, 12 (1st Cir. 2005) (<u>quoting</u> <u>Pierce</u> v. <u>Underwood</u>, 487 U.S. 552, 565 (1988)).

Considering the procedural backdrop of the Rule 30(b)(6) dispute, Cybex need not pay for expenses as a sanction despite the fact that it did not prevail in opposing the motion to compel. Looking back, its action was justified to a degree that could satisfy a reasonable person examining the events underlying the controversy and how it evolved.  In the same way, plaintiffs do not have to pay for Cybex's expenses.  Cybex carried part of the day, but did not: (1) in the attempt to block the designation of a corporate representative; (2) on the issue of Life Fitness and Brunswick; and (3) as to the extension of the discovery deadline.  Viewing the record as a whole, owing to the fact that these issues cannot be separated from the overall litigation setting, the parties were substantively justified in assuming the positions that led them to court.  That said, conduct found substantively justified at this point may be considered unjustified in the future.

**E. Plaintiffs' Motion to Amend (Docket No. 369).**

Plaintiffs ask for leave to amend the complaint on a second occasion to include allegations against Life Fitness and Brunswick Corporation, alleging that the latter may be liable to plaintiffs under the successor liability doctrine if they acquired Cybex's liabilities (Docket Nos. 369; 387 at pp. 10-14).[19]  Requests for leave to amend pleadings made in derogation of a scheduling order must comply with Rule 16(b)'s good cause standard.  <u>See</u>, <u>U.S. ex rel. D'Agostino</u> v. <u>EV3, Inc.</u>,

---

[19] Plaintiffs tendered the proposed amendments at Docket No. 370.

802 F.3d 188, 194 (1st Cir. 2015)(explaining standard).   In this calculus, the longer a plaintiff unjustifiably delays in moving to amend, the more likely the motion to amend will be denied as protracted delay, with its attendant burdens on the opponent and the court.  See, Pérez-Graulau v. Universal Insurance Company, 2017 WL 3600911, at *2 (D.P.R. Mar. 10, 2017)(so noting). Additionally, courts may consider the need to expeditiously move three-year reportable cases that are on the verge of being reportable pursuant to the Civil Justice Reform Act ("CJRA"), 28 U.S.C. §§ 471 and 476(a)(3).  Id.

Cybex argues plaintiffs have not shown good cause for the amendment, and that, in any event, the proposed amendments would be futile and subject to summary dismissal under Fed. R. Civ. P. 12(b)(6) (Docket No. 379 at pp. 5 and 9).[20]  Contrariwise, plaintiffs posit that they have made consistent efforts to conduct discovery, which Cybex has hampered or delayed, and since Cybex has twice requested and obtained leave to amend its impleader action beyond the deadline set in case management order, they should be afforded a similar opportunity to amend to add Life Fitness and Brunswick (Docket No. 387).

While the court sympathizes with plaintiffs' dilemma, it cannot grant the request to amend. The complaint was filed on December 1, 2015 (Docket No. 1).  The Case Management Order set March 31, 2016, as the deadline to add parties (Docket No. 13).[21]  Plaintiffs' motion to amend was filed on March 24, 2018 (Docket No. 369).  They were informed of the "Life Fitness/Brunswick" acquisition shortly before they sought leave to amend.   But bringing in two (2) new corporate

---

[20] Also, Cybex maintains that the amended pleadings fail to allege that Life Fitness or Brunswick assumed the pre-acquisition liabilities of Cybex, and thus, plaintiffs' only likely claim would be based on piercing Life Fitness or Brunswick's corporate veil.

[21] With leave from the court, plaintiffs filed an amended complaint on May 20, 2016 (Docket Nos. 27; 28; and 30).

entities to the case as co-defendants at this point would unduly complicate the procedural landscape of the litigation.  See, Hall v. Hall, ---U.S.----, 138 S. Ct. 1118, 1129 (2018)(noting there is much more to litigation than hearings or trials, such as motion practice and discovery).  In that vein, those entities would need to be summoned and be given time to present potentially dispositive motions they consider appropriate, answer pleadings, respond to discovery requests and conduct their own discovery.  The present case, however, is on its way to reach the CJRA 3-year benchmark, with discovery deadlines in place, and trial scheduled for March 1, 209.  The additional delay posed by a new round of full-blown litigation within this action would make it more difficult to move it towards resolution within the established time line.    That being so, the parties shall conclude discovery according to the modified work schedule, and, just as the court, prepare for trial.  See, Stokes v. Lake Raider, Inc., 2014 WL 6463717, *1 (E.D. Okl. Nov. 17, 2014)(expressing willingness to entertain request to amend in order to add defendants who may be liable on a theory of successor liability, provided amendment would not result in delaying "orderly progression to trial").[22]

---

[22] In the event plaintiffs file a new case against Life Fitness and/or Brunswick, the court will not consolidate it with the present case.  Actions do not lose their separate identify because of consolidation, and district courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases.  See, Hall, 138 S.Ct. at 1130-1131 (examining consolidation).  But when all is said and done, the grounds leading the court to deny leave to amend, similarly counsel against consolidation.  See, Hadel v. Willis Roof Consulting, Inc., 2011 WL 484289, *1 (D. Nev. Feb. 7, 2011)(consolidation denied in part because cases were at completely different stages of pretrial litigation, and consolidation would result in delay); J&J Sports Productions, Inc. v. Live Oak County Post No. 6119 Veterans of Foreign Wars, 2009 WL 1857986, * 1 (S.D. Tex. Jun. 25, 2009)(denying consolidation in part  because the two actions were at vastly different stages of trial preparedness); Narvaes v. EMC Mortg. Corp., 2009 WL 1269733, *2 (D. Hawai'i May 1, 2009)(no consolidation where one of the cases –Case 1– was in advanced litigation stage such that applying schedule in that case to the other case –Case 2– would be unduly prejudicial to the parties in Case 2, and applying the schedule in Case 2 to Case 1 would unduly delay its resolution); Nnebe v. Daus, 2008 WL 706579, * 2 (S.D.N.Y. Mar. 5, 2008)(respective procedural postures of cases strongly weighed against consolidation).

## III.    CONCLUSION

In view of the foregoing, the Motion for Sanctions at Docket No. 368 is GRANTED IN PART and DENIED IN PART; the Motion to Amend at Docket No. 369 is DENIED; the Motion to Compel at Docket No. 375 is GRANTED IN PART and DENIED IN PART; and further:

1.    Not later than June 4, 2018, Cybex shall file its corporate disclosure statement in compliance with Fed. R. Civ. P. 7.1 and Local Rule 7.1;

2.    Discovery deadlines are modified as follows: (1) Fact Witness Discovery: **July 29, 2018**; (2) Plaintiffs' Final Expert Witness Reports: **August 29, 2018**; (3) Defendants' Expert Witness Reports: **September 29, 2018**; (4) Rebuttal Expert Witness Reports: **October 29, 2018;** (5) Expert Witness Discovery): **November 29, 2018**; (6) Joint Pretrial Conference Report: **December 21, 2018**; (7) Pretrial Conference: **January 25, 2019**; (8) Trial: **March 1, 2019.**

3.    Counsel shall confer to agree upon an acceptable date for Cybex's deposition, which must be conducted on or before the fact witness discovery deadline, bearing in mind that factual discovery beyond that date is strictly prohibited.

4.    Pending requests for documents shall be complied with on time to facilitate the flow of discovery within the modified schedule.[23]

5.    The court will not entertain motions regarding discovery disputes unless the parties meet and confer, and so certify, including the details of the conference as to participants, place, date, time, issues discussed and parties' position as to them.

---

[23] This includes, and is not limited to the documents listed in Docket No. 382-2.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of May, 2018.


s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE